UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES BENNETT,

    Plaintiff,

v.                                                    CASE NO. 3:21-cv-980-HES-JBT

SPORTSMEDIA TECHNOLOGY
CORPORATION,

    Defendant.
_____/

## MEMORANDUM ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order and Memorandum of Law in Support ("Motion") (Doc. 25), and Defendant's Response thereto ("Response") (Doc. 29).  For the reasons set forth herein, the Motion is due to be **DENIED**.

In short, the Court finds no merit in the Motion.  First, conferral was inadequate, and Plaintiff did not comply with Local Rule 3.01(g).  (*See* Doc. 25 at 8.)  Second, Plaintiff is seeking to prevent the usage of potentially relevant and admissible documents, which have already been produced by the third party.  (*Id.* at 2–3.)  This relief is uncalled for.

The subject subpoena is not overbroad or otherwise objectionable.  (*See* Doc. 25-1 at 4–7.)  The discovery sought is relevant to the claims and defenses and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The third party did not object to the subpoena and produced the documents within several days

of receiving it. (Doc. 25 at 2–3.) Thus, the subpoena was not unduly burdensome.

Finally, Local Rule 3.04, which became effective on February 1, 2021, provides: "A deposition by oral examination or written questions and a subpoena duces tecum require fourteen days' written notice." The undersigned reads this rule as requiring fourteen days' written notice before a deposition takes place or before the date set for a document production pursuant to a subpoena duces tecum. The subject subpoena complied with this rule. Notice was given on July 20, 2022, and the date set for production was August 30, 2022. (Doc. 25-1 at 2–4.)

Defendant requests expenses related to preparation of the Response. (Doc. 29 at 19–20.) However, the Court determines that Plaintiff's position was substantially justified and that an award of expenses would be unjust because of the relative newness and possible ambiguity of Local Rule 3.04. Thus, Defendant's request for expenses is denied.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 25**) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 6, 2022.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

2